THOMAS E. FRENCH, SAMUEL K. ROBBINS AND GEORGE J. BERGEN, RECEIVERS, PLAINTIFFS AND RESPONDENTS, v. WILLIAM WOLFSON, DEFENDANT AND APPELLANT.

Submitted July 3, 1913—Decided November 17, 1913.

1. Receivers of a building and loan association were appointed May 25th, 1907, the association having voted to liquidate one month before; the receivers brought suit on defendant's loan note, and he claimed the right to offset the full withdrawal value of his shares, he having given notice of withdrawal on January 29th, 1907. *Held,* that the offset was properly overruled, notwithstanding section 39 of *Pamph. L.* 1903, permitted a shareholder giving notice of withdrawal to recover the withdrawal value if not paid within six months from the notice.

2. The right given to a stockholder in a building and loan association to recover the withdrawal value of his shares, if not paid in six months from date of notice, cannot be recovered in an action, or allowed by way of set-off, until the six months have elapsed.

3. The right of withdrawal of a stockholder in a building and loan association, given by *Pamph. L.* 1903, § 39, must be determined as of the time when the stockholders resolved to dissolve, since the statute contemplates that the withdrawal shall be from a going concern, and not from a defunct one.

On appeal from the Middlesex Circuit Court.

For the appellant, *Freeman Woodbridge* and *Alfred S. March.*

For the respondents, *Thomas E. French, Samuel K. Robbins* and *George J. Bergen.*

The opinion of the court was delivered by

KALISCH, J. This case comes here upon defendant's appeal from a judgment of $83 for the plaintiff, given by Judge

NOTE.—This opinion was rendered at the November term, 1913, and should have been published with the opinions for that term, but was overlooked by the reporter.—REP.

Lloyd, sitting without a jury, in the Middlesex Circuit Court. The undisputed facts are as follows: The appellant was a shareholder in the State Mutual Building and Loan Association of New Jersey. On the 2d day of January, 1907, he borrowed from the association $132 and promised to pay the same with interest and premium. On the 29th day of January, 1907, the association received from defendant a notice of withdrawal of his shares, the book value of which was then $148.50. At that time the association had unpaid notices of withdrawal given between August 15th, 1906, and January 29th, 1907, amounting to $267,420.53. All notices were paid in the order given and more than one-half of monthly receipts were used in paying withdrawals. On the 4th day of April, 1907, a bill was filed in the Court of Chancery to declare the association insolvent and for a receivership, and thereupon, on the 25th day of April, 1907, the association voted to liquidate and appointed three trustees to that end. At that time the defendant's withdrawal notice had not been reached, and the six months, after which he was allowed to sue for the value of his shares, would not expire until July, 1907. On the 25th day of May, 1907, the plaintiffs were appointed receivers under the Insolvency bill filed in the Court of Chancery. The receivers brought an action against the defendant upon his note to recover the $132 borrowed by him from the association  The defendant claimed the right to offset the full withdrawal value of his shares. The receivers denied this, but conceded the defendant's right to offset a dividend declared by them. The judge upheld the contention of the receivers and gave judgment accordingly, which we think was right. Since all the creditors seem to have been paid, the only question was as to rights of stockholders. This question appears to have been fully answered and settled by this court, in *Gaskill* v. *Polhemus, 70 N. J. L.* 251, which was controlling upon and followed by the court below, and there has been no good reason advanced here which would warrant a departure from the doctrine laid down in that case. But it is claimed by the appellant that Gaskill *v.* Polhemus was decided on a state of facts before the change was made in the

statute, by the act of 1903. *Pamph. L., p.* 471, § 39. The argument made is that section 39, among other things, provides that a shareholder who has given notice of withdrawal may sue for and recover the withdrawal value of his shares in any such association, in any court of competent jurisdiction, if the same is not paid in six months from the date of the giving of said notice of withdrawal, a provision not contained in the old act, and hence, by reason of this change in the act, *Gaskill v.* Polhemus is not applicable to the case *sub judice.* But we think otherwise. No doubt that this change gave the withdrawing stockholder a right to sue for the book value of his shares at the expiration of six months from the time of giving notice of his withdrawal. This clearly negatives any right to sue in advance of the expiration of the six months, and as a set-off is, in effect, a counter suit, no such set-off could be permitted until the six months had expired. Now, though the six months have expired, the situation has changed and the dissolution of the association has begun. We think the rights of the parties must be determined as of the time when the stockholders resolved on dissolution, since the statute contemplates that the withdrawals shall be withdrawals from a live concern and not from a defunct one. In *Fitzgerald v. State Mutual Building and Loan Association,* 76 *N. J. Eq.* 137, Vice Chancellor Leaming, in a luminous opinion, after fully discussing and considering the bearing of section 39 on the *status* of a stockholder who had given a withdrawal notice in an association which had gone into liquidation, follows *Gaskill v. Polhemus, supra.*

Finding no error in the record, judgment below will be affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, KALISCH, VREDENBURGH, CONGDON, WHITE, TERHUNE, HEPPENHEIMER, JJ. 14.

*For reversal*—None.